1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NICHOLAS TRAMMELL,

Petitioner,

v.

STATE OF CALIFORNIA,

Respondent.

Case No.  20-02367 EJD (PR)

**ORDER OF DISMISSAL; DENYING *IN FORMA PAUPERIS* STATUS; DENYING CERTIFICATE OF APPEALABILITY; INSTRUCTIONS TO CLERK REGARDING OPENING SEPARATE HABEAS ACTION**

(Docket No. 7)

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a $350 infraction involving the light-rail in Santa Clara County.  Dkt. No. 1.  Petitioner filed a motion for leave to proceed in forma pauperis.  Dkt. No. 7.

## BACKGROUND

According to the petition, Petitioner is challenging an "infraction given to me in a ticket format with payment fees."  Dkt. No. 1 at 2.  Petitioner indicates that he is currently in custody for a "Stanislaus County matter" and not for the infraction that he is challenging.  Id. at 1.  Petitioner indicates that he did not appeal the matter in the state courts.  Id. at 2-3.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

Petitioner filed this federal habeas action on February 4, 2020.   The matter was dismissed on July 7, 2020, for failure to file a complete In Forma Pauperis ("IFP") application in the time provided, Dkt. No. 5, but later reopened when an IFP application was docketed as being filed before the judgment but not posted until after the matter had already been closed.  Dkt. Nos 7, 8.

For the reasons discussed below, this action must be dismissed.

## DISCUSSION

### A.    Custody

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

Section 2254(a) uses the term "in custody" twice, with two different requirements.  Bailey v. Hill, 599 F.3d 976, 978 (9th Cir. 2010).  The first usage (i.e., that the petition be filed "'in behalf of a person in custody'") requires that there be a restraint on the petitioner's liberty.  Id. at 978-79.  The second usage (i.e., that the application can be entertained "'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States'") requires "a nexus between the petitioner's claim and the unlawful nature of the custody."  Id. at 979-80.  For the second requirement to be satisfied, success on the claim must result in a change in the restraint on the petitioner's liberty.  See id. at 980 (second custody requirement not satisfied for claim that counsel was ineffective in not objecting to restitution order because success might cause money award to be set aside but would not affect any restraint on petitioner's liberty).

The federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed.  See 28 U.S.C. §§ 2241(c), 2254(a); Carafas v. LaVallee, 391 U.S. 234, 238 (1968).  This requirement is jurisdictional.  Id.  A habeas petitioner must be

in custody under the conviction or sentence under attack at the time the petition is filed. <u>Maleng v. Cook</u>, 490 U.S. 488, 490-91 (1989).

Petitioner fails to satisfy the custody requirement because there is no nexus because Petitioner's claim and the unlawful nature of his custody.  In his answer to the Question I.A.6. of the form petition, "Are you now in custody serving this term?", Petitioner writes "no not for this infraction" but rather for a "Stanislaus County matter."  Dkt. No. 1 at 1. Because he is currently in prison serving a sentence, Petitioner satisfies the first custody requirement.  <u>Bailey</u>, 599 F.3d at 978-79.  However, Petitioner fails to satisfy the second requirement, i.e., that success the claim must result in a change in the restraint on his liberty.  <u>Id.</u> at 980.  Put another way, even if he were succeed on a challenge against the $350 ticket, it would not result in a change to the Stanislaus County conviction and sentence for which he is presently confined.

Because Petitioner fails to satisfy the "in custody" requirement, there is no habeas jurisdiction present over this matter.  The instant petition must be dismissed for lack of jurisdiction.  <u>See</u> 28 U.S.C. §§ 2241(c), 2254(a).

**B.**   **In Forma Pauperis Application**

Petitioner filed a motion for leave to proceed IFP.  Dkt. No. 7.  However, the supporting documentation indicates that Petitioner is able to pay the $5.00 filing fee as his available balance was $283.29.  <u>Id.</u> at 4.  Accordingly, the motion is DENIED because Petitioner has failed to show an adequate level of poverty to justify IFP status.

**C.**   **Other Filings in This Matter**

Petitioner file da "notice of motion order to sign in Plaintiff's carjacking charge from out of state."  Dkt. No. 9.  The 2 page document is illegible, however, and the Court is unable to decipher how this request is relevant to the infraction which he is challenging. Furthermore, the Court has found it lacks jurisdiction over that claim.  Accordingly, the motion is DENIED as moot.

Petitioner also filed a "Notice of Points and Authorities in Support of Application for Mental Anguish Lawsuit Settlement Amendment One."  Dkt. No. 10.  In this 2 page

document, Petitioner mentions voting fraud in connection with voting ballots and appears

to seek damages for mental anguished suffered thereby.  Id.  This claim has no bearing

with a habeas action challenging unlawful custody based on an unconstitutional conviction

or sentence in which money damages is not an available form of relief.  Accordingly, to

the extent that Petitioner seeks money damages against state actors for the violation of his

constitutional rights, he must file it as a separate action under 42 U.S.C. § 1983.

Lastly, on September 28, 2020, Petitioner filed another document titled "petition for

writ of habeas corpus" which challenges a conviction for rape and related charges out of

Stanislaus County.  Dkt. No. 11.  He is clearly attempting to challenge a different state

conviction and sentence.  That petition must be filed as a separate case, and the related

filing fees assessed.  Accordingly, the Clerk shall file a copy of the petition under Docket

No. 11 and open it as a new habeas action.

## CONCLUSION

For the foregoing reasons, this petition is **DISMISSED** for lack of jurisdiction.

Petitioner's motion for leave to proceed in forma pauperis is DENIED.  Dkt. No. 7.

No certificate of appealability is warranted in this case because a reasonable jurist

would not find the dismissal of this petition debatable or wrong.  Slack v. McDaniel, 529

U.S. 473, 484 (2000).

The Clerk shall take a copy of the petition filed under Docket No. 11 in this matter

and open it as a separate habeas action with the filing date of September 28, 2020.  The

Clerk shall also send Petitioner the appropriate notice regarding the payment of fees or

filing of an IFP application for that separate action.

This order terminates Docket No. 7.

**IT IS SO ORDERED**.

Dated: ___1/20/2021___

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
P:\PRO-SE\EJD\HC.20\02367Trammell_dism(custody)

United States District Court
Northern District of California

4